### FRIEDMAN v. PHILLIPS et al.

(Supreme Court, Appellate Division, Third Department. May 12, 1903.)

1. CONVERSION—POSSESSION—EVIDENCE—SUFFICIENCY.

On November 13th defendants recovered judgment against T. A constable, with execution to enforce the judgment, took possession of a piano which T. had purchased, and on November 23d sold it. On December 8th plaintiff, claiming under T., demanded possession of the piano from one of the defendants, who replied: "You cannot have that piano. It does not belong to you." *Held* to warrant a finding that defendants were in possession of the piano January 10th following, when plaintiff's action of conversion was commenced.

2. SAME—DEMAND—NECESSITY.

    It is not necessary that a demand should be made for property before commencement of an action for its conversion, where the possession of the defendant came about unlawfully.

3. CONDITIONAL SALE—SALE BY PURCHASER—TITLE.

    The purchaser of a piano sold on conditions, whereby title was to remain in the seller until full payment, and possession to be in the purchaser, mortgaged her interest, subsequent to which the piano was sold on execution against her, and after that she sold all her interest to the mortgagee. *Held*, that the latter stood in the place of the purchaser of the piano, and might maintain an action for conversion.

4. CONVERSION—MEASURE OF DAMAGES.

    Where the purchaser of a piano sold on conditions, whereby title was to remain in the seller until full payment, and possession to be in the purchaser, sues for conversion of the piano, the measure of damages is the value of the piano at the time of the taking, less the unpaid purchase money.

5. CONDITIONAL SALE—INTEREST OF PURCHASER—MORTGAGE.

    The purchaser of personalty under conditional sale, whereby title remains in the seller until full payment, and possession is given the purchaser, has a mortgageable interest.

    Appeal from Trial Term, Schenectady County.

    Action by Izidore Friedman against Robert Phillips and another, doing business as Phillips & Auer. From a judgment reversing a judgment for plaintiff, he appeals. Reversed.

    Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

    R. J. Cooper and Frank Cooper, for appellant.

    John D. Miller, for respondents.

    KELLOGG, J. The action is for the conversion of the interest of appellant in a piano. The piano was sold July 10, 1897, by one Louis Trudeau to Sarah T. Thum for $225, payable in installments of $5 a month. The bill of sale was conditional; that is, the title was to remain in the vendor until full payment of the purchase price, and possession to remain in vendee until default in payment of the stipulated installment. It is not claimed that there was any default in payments. $190.50 had been paid before this action was brought, in January, 1900; leaving about $50 unpaid. The vendee, Sarah T. Thum, never surrendered possession. The vendor never took possession, nor, so far as the record shows, did he ever authorize possession to be taken by defendants or by any other person. So far as the proof shows, the vendor is still owner of the title. It appears by competent testimony that on November 13, 1899, defendants recovered a judgment against Mrs. Thum; that a constable, with execution to enforce the judgment, took possession of the piano, and on November 23d sold it; that on the 8th day of December following, plaintiff demanded the possession of the piano from one of the defendants, who replied: "You cannot have that piano. It does not belong to you." From this testimony the jury might have found that the defendants were in possession of the piano at the time the action was commenced, January 10, 1900, through the execution sale on their judgment; that defendants failed to prove that they came lawfully into possession, and, the circumstances all showing an unlawful possession, no demand

on the part of plaintiff. was necessary before commencement of the action. The evidence received on the trial as to what the constable said was wholly incompetent, and it was wholly immaterial. If it had been out of the case, no different conclusion would have been proper. The appellant on November 4, 1899, obtained from Mrs. Thum a mortgage upon her interest in the piano, and on December 12th purchased from Mrs. Thum all her rights in the piano, and this action was begun January 10th following. The rights acquired by appellant through the mortgage and sale were property rights—the right to immediate possession, and to receive the title on payment of the balance, about $52, to the original vendor, Trudeau, or to his successor in interest. In all respects the appellant stood in the place of the vendee. He might have obtained possession by replevin, or he might have waived replevin and sued for conversion; the taking having been unlawful. The value of Mrs. Thum's property right in the piano would be the measure of damages in such an action (that is, the value of the piano, when taken, less the unpaid purchase money), and this seems to have been the rule adopted in the City Court. That Mrs. Thum on November 4, 1899, being then in possession, and not having defaulted in payment, had a mortgageable interest in the piano, it seems to me, cannot be doubted. It was an equitable interest, not reachable by execution, but recognized by statute and by common law as vendible. So far as the records show, the defendants were at all times strangers to the title, and trespassers in obtaining possession. The learned County Court was, I think, in error in giving weight to the immaterial testimony offered by plaintiff and received at the trial. The judgment of the City Court should have been affirmed.

I advise that the judgment of the County Court be reversed, and the judgment of the City Court affirmed, with costs in this court and in the County Court. All concur.